# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5573 | **DATE** | 8/19/2011 |
| **CASE TITLE** | Gencarelli vs. McDonald's Corp. | | |

**DOCKET ENTRY TEXT**

It is hereby ordered that plaintiff's complaint is dismissed for lack of subject-matter jurisdiction. His motion to proceed *in forma pauperis* is denied as moot.

■ [ For further details see text below.]

Notices mailed by Judicial staff.
Mailed AO 450 form.

# STATEMENT

Plaintiff James Gencarelli, *pro se*, brings the instant complaint against McDonald's Corp. and seeks leave to proceed *in forma pauperis*.

Initially, before the court may grant *in forma pauperis* status or appoint counsel, it must screen the Plaintiff's complaint and dismiss it if (a) the allegation of poverty is untrue, (b) the action is frivolous or malicious, (c) the action fails to state a claim upon which relief can be granted, or (d) the action seeks monetary relief from a defendant who is immune from such relief. *Brock v. Beelman Truck Co.,* 10 C 0270, 2010 WL 1692769, at *1 (S.D. Ill. April 20, 2010); 28 U.S.C. § 1915(e)(2).

Plaintiff's complaint alleges that McDonald's harms the environment because its food packaging contains chemicals that harm the environment when they are discarded by customers. Plaintiff brings suit under the Safe Drinking Water Act, 42 U.S.C. §300f, the Toxic Substance Control Act, 15 U.S.C. § 2619 (a)(1), and the National Environmental Policy Act, 42 U.S.C. § 4321, *et seq*.

Although the Safe Drinking Water Act and the Toxic Substance Control Act contain citizen-suit provisions, the National Environmental Policy Act does not. More importantly, Plaintiff does not have standing to sue under any of these laws because what he alleges is a generalized grievance.

The constitutional minimum to establish standing requires a showing of a concrete injury in fact, causation, and redressability. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Even assuming that Plaintiff could meet this minimum, prudential principles of standing bar suits where the asserted harm is a general grievance shared by a large class of citizens. *Allen v. Wright*, 468 U.S. 737, 751 (1984).

| **STATEMENT** |
|---|
| Because Plaintiff lacks standing, he cannot raise a non-frivolous federal question and his complaint must be dismissed for lack of subject-matter jurisdiction. Plaintiff's motion to proceed *in forma pauperis* is denied as moot. |